ADAMS *v*. RHODES.

Opinion delivered March 29, 1920.

1. VENDOR AND PURCHASER—NOTICE OF RESCISSION.—Where a contract for the sale of land did not expressly make time of the essence of the contract, but on the contrary the conduct of the parties and their correspondence shows that time was not of the essence of the contract, the vendor can not rescind the contract for failure of the purchaser to pay the purchase money promptly without notifying him to pay within a reasonable time on penalty of having the contract rescinded.

2. SPECIFIC PERFORMANCE—PURCHASER WITH NOTICE.—Where defendant had contracted to sell land to plaintiff, a third person who purchased the land with notice of appellant's rights is not an innocent purchaser, and plaintiff is entitled to specific performance as against him.

3. SPECIFIC PERFORMANCE — PARTIES.—Where a third person purchased land with notice of another's rights therein, his wife is not a necessary party to a suit for specific performance.

Appeal from Arkansas Chancery Court, Northern District; *John M. Elliott,* Chancellor; affirmed.

*J. E. Ray* for appellant.

1. Courts of equity will not interfere to decree specific performance except where it would be strictly inequitable to make such a decree. 12 Ark. 421, 551. It is a matter of discretion for the court. 21 Ark. 116; 30 *Id.* 547; 34 *Id.* 663, 676.

2. Time was of the essence of the contract, and appellee had notice that the deed was in the bank and that she could get it by paying the $650 in cash. 72 Ark. 359. If she wanted time to examine the title she should have contracted for it. 45 S. W. 275; 21 *Id.* 970. This was *cash sale,* the money was due before March 1st, and appellee did not pay in time nor make any tender. The

court erred in ordering the $650 paid to John and Gertrude Adams by G. W. Adams to be paid back. Della W. Adams was a necessary party.

*John L. Ingram* for appellee.

1. The appellee was not in default because (1) time was not of the essence of the contract; (2) appellants' title was encumbered by a mortgagee in possession; (3) the abstract of title furnished was not certified. 9 Cyc. 606, 607; 39 *Id.* 1370.

2. As appellants had repudiated the contract, no tender was necessary. 96 Ark. 156; 68 *Id.* 505. Furthermore a cash tender was waived. 38 Cyc. 146-7.

3. Della Adams was not a necessary party, as the parties took the deed during the pendency of the suit and of course are bound by the decree.

SMITH, J. This is a suit by appellee for specific performance of a contract for the sale of certain lots in the city of Stuttgart, which appellee claims were sold to her by appellant John B. Adams prior to a sale by said John B. Adams to G. W. Adams, it being alleged that G. W. Adams was not an innocent purchaser.

At the time of the sale to appellee J. B. Adams, the owner, lived in Centralia, Illinois, but he had formerly lived in Stuttgart, and the correspondence between him and appellee shows their families to have been rather intimate friends. The negotiations, culminating in the sale, were conducted by letter. Appellee asked a price less than $650 cash be made because the city had ordered the construction of a sidewalk, which would cost $65. This reduction was refused, and the owner fixed a cash price of $650 or a price on time of $750.

The correspondence discloses that the owner knew that appellee would have to sell another piece of property owned by her, or obtain a loan on it, to buy the lots, and to one of the letters from the owner his wife wrote a postscript in which she stated, "I wish you could get a loan, Mrs. Rhodes, and take the lots, for I don't want the other party to have them. Frankly, Mrs. Adams."

This correspondence began January 6, and after the exchange of a number of letters appellee accepted the proposition to take the lots at $650 cash. The owner wrote her that, "We will furnish you with an abstract, brought down to date, but would be very glad to have you send us an Arkansas deed, so that we can make the deed over to you." On February 21 the owner wrote that he had mailed abstract and deed to the Farmers & Merchants Bank at Stuttgart, and requested appellee to have the Stuttgart Abstract Company check over the abstract, as the abstract contained no certificate and had not been brought down to date. This letter also stated, "When you mail draft for $650, the deed will be turned over to you at the bank." On March 1 the bank delivered the abstract to appellee.

On March 5 appellee wrote the following letter:

"Stuttgart, Ark., March 5, 1918.

"Mr. and Mrs. John Adams:

"Dear Friends: Guess you are getting tired waiting for your money, but I am going to write and tell you everything, so you will understand why I am so long. I am borrowing the money on my farm, six miles east of Ulm, and Mr. Ellis is attending to it for me. He went and looked at the farm, and said there was no doubt I could get the money all right on the place. I am getting it through the line that Moran works for, and Moran does all of Mr. Ellis' business, but the examiner has not yet come to look at the place. They told me when I wrote you that he would be here in a week, but I saw Moran yesterday, and he said they would go the first of the week and I would get the money in about ten days after he had examined the land, but Mr. Ellis said it would take thirty days to put a loan through, that there was so much red tape to it, but for me not to worry, I would get the money all right, but I think your father is planning on planting the place, and I don't want to tell him I have bought it until I have, and I want you to write and tell him you have let me have it so I can go to work, for the grass is

growing, and if I am going to plant anything this year it is time I was at work, so you write him what to do.

"Now, don't be uneasy about the money, I think I will sure get it, but I don't know when. I thought I would get it sooner than this when I wrote and told you I would take the place, but I have done just as Mr. Ellis told me to do. Write soon.

"Your friend,
"Suda Rhodes."

On March 7 appellant J. B. Adams wrote appellee that he was needing money, and for fear appellee's loan would not go through he was letting his father, the appellant, G. W. Adams, have the lots, and on March 8, J. B. Adams notified the bank to return the deed and the abstract. On March 11 a tender of the $650 was made by appellee to the bank, but the tender was refused on the ground that the deed had been ordered returned. Thereafter, on March 29, this suit was filed, and the statutory *lis pendens* notice given.

Appellant G. W. Adams admitted that he received his deed after March 30 and that he filed it for record on April 1. G. W. Adams was in possession of the lots during all the time covered by the correspondence, and owned at the time an unrecorded mortgage on the lots from his son, J. B. Adams, and he does not deny that he knew of the negotiations between his son and appellee.

The court awarded a decree for specific performance, and ordered the deed to G. W. Adams canceled, and that the mortgage of G. W. Adams be paid out of the purchase money tendered into court by appellee, and this appeal is from that decree.

It is argued that this was a sale for cash, and not one on time, as is evidenced by the fact that a larger price was fixed for a sale on time than would have been required if the sale was for cash, and that appellant J. B. Adams was, therefore, under no duty to wait until appellee had arranged to obtain the purchase money, and that he had the right to order the return of the deed under the circumstances stated.

This was a sale for cash, but it was not contemplated that the deed should be taken up at the bank immediately upon notice that the bank had it for delivery. This is shown by the fact that the abstract was not complete. It was contemplated that the abstract should be brought down to date, and a certificate attached, and necessarily that reasonable time should be allowed for an examination of the abstract. Upon the receipt of the letter from appellee set out above we think the owner of the land had the right to say that he would not wait thirty days, or any other fixed time, for his money, but it was his duty to so notify appellee, so that she might thereafter make the required tender if she desired to do so. She had reason to believe that the owner would not call off the trade arbitrarily and without warning, and under the circumstances of the case he should not have done so. If the statements in appellee's letter of March 5 were not satisfactory, he should have so advised her, and should have warned her that unless she made the payment within some reasonable time limited by him he would order the return of the deed.

Of course, parties may make time of the essence of their contract, and the parties here might have contracted that appellee should pay the bank for the deed upon receipt of notice that it was in the bank's possession for delivery, but they did not do so. Upon the contrary, the conduct of the parties and their correspondence shows that time was not of the essence of the contract.

The rule applicable to the facts stated is as follows: "So, although there is no stipulation of the parties that time shall be of the essence of the contract, nor anything in the nature or circumstances of the agreement to make it so, yet it may be made essential by the proper action of a party not in default and ready to perform, if the other party is in default. Thus, if the purchaser, without excuse, fails to pay at the stipulated time, the vendor, being in no default, and able and ready to perform all then required of him by the contract, may notify the purchaser to pay within a reasonable time, or he, the vendor,

will treat the contract as rescinded. The notice, however, to be effectual for the purpose must not be such as to work a surprise upon the opposite party, but must give him a fair opportunity to protect himself and comply with it." 39 Cyc. 1370.

What we have said is not in conflict with our holding in the recent case of *Fox* v. *Hutton,* 142 Ark. 530. In that case the vendor had given certain voluntary extensions of time to the vendee to make the required payments, but after giving these extensions the vendor, on March 11, notified the proposed purchaser that the deal must be closed by March 15. Compliance was not had within the time limited; but we said, in effect, that reasonable notice had been given that further extension of time would not be granted, and that the purchaser within the time thus limited should have made his payment. So, here, the owner should have advised appellee that the money must be paid within a reasonable time or that the deed would be ordered returned, and if the payment had not then been made the owner would have had the legal right to treat the contract of sale as rescinded, and could then have ordered the deed returned to him.

As to appellant G. W. Adams it may be said that the court was fully warranted in finding that he was not an innocent purchaser, and he was accorded all the relief to which he was entitled by the order directing the payment of his mortgage out of the purchase money.

In answer to the contention that Mrs. G. W. Adams was a necessary party, but was not made a party, it suffices to say that her husband was a party to this suit when he obtained his deed, and he took the deed subject to the outcome of the suit. Decree affirmed.